# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD TREMAYNE BRITTON,<br><br>        Plaintiff,<br><br>    v.<br><br>COMPAS,<br><br>        Defendant. | Case No. 1:17-cv-01093-DAD-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 12)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 14)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Background**

Plaintiff Donald Tremayne Britton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

On February 15, 2018, the Court issued a screening order finding that Plaintiff had stated a cognizable claim against Defendant Compras for failure to protect him from an assault by Inmate Hampton on November 12, 2016, in violation of the Eighth Amendment, but failed to state any other claims. (ECF No. 11.) The Court ordered Plaintiff to file, within thirty days, a first amended complaint or to notify the Court of his willingness to proceed only on the cognizable claim against Defendant Compras. (Id. at 6.) After more than thirty days had passed and Plaintiff failed to file a first amended complaint or otherwise communicate with the Court regarding this action, the undersigned issued findings and recommendations regarding dismissal of this action

1

for failure to obey a court order and failure to prosecute. (ECF No. 12.)

On April 16, 2018, Plaintiff filed objections to the findings and recommendations, together with a first amended complaint. (ECF Nos. 13, 14.) It appears that when Plaintiff attempted to timely file his first amended complaint, it was rejected by the Clerk of the Court because it appeared to be an initial complaint that was required to be e-filed. Thereafter, Plaintiff attempted to e-file his first amended complaint, but was informed by the library clerk at his institution that amended complaints must be filed by mail. (ECF No. 13.) As it appears Plaintiff attempted to timely file his first amended complaint in compliance with the Court's February 15, 2018 order, the Court HEREBY VACATES the findings and recommendations issued on April 2, 2018.

Plaintiff's first amended complaint, filed on April 16, 2018, is currently before the Court for screening. (ECF No. 14.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the events in the complaint are alleged to have occurred. In his original complaint, Plaintiff contended that Correctional Officer Compas, the sole defendant in this action, failed to protect Plaintiff from assault at the hands of Inmate Hampton in violation of Plaintiff's Eighth Amendment rights.

Plaintiff's first amended complaint alleges the following:

> Furthermore as I stated in my original complaint, Inmate Hampton told C/O Compas that he and I did not get along and he (Inmate Hampton) also made the threat that somebodys [sic] gonna be hurt or killed. Inmate Hampton was speaking to C/O Compas. Hampton has a history of fighting his cell mates C/O Compas is aware of this fact. Hampton was forced upon me after fighting his cell-mate in Bldg. 3 "facility A" C/O Compas Bldg. and C/O Compas was aware.

Plaintiff further references pages 4 and 6 of a memorandum, but includes no attachments to the first amended complaint.

### IV. Discussion

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (internal citations and quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833–34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991); see also Borello v. Allison, 446 F.3d 742, 749 (7th Cir. 2006) (defendant's deliberate indifference must effectively condone the attack by allowing it to happen). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstrating in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842 (internal citations omitted).

Based on the allegations in the first amended complaint, Plaintiff has failed to state a cognizable failure to protect claim against Defendant Compas, and has failed to state any other claims for relief. Plaintiff's first amended complaint does not include any allegations that he has suffered any injury at the hands of Defendant Compas or any other person.

Plaintiff is reminded that, pursuant to the Court's February 15, 2018 screening order, an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint was required to be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. To the extent Plaintiff's first amended complaint references allegations made in the original complaint, those allegations are not properly before the Court.

V.      **Conclusion and Order**

In light of Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff a **final** opportunity to file a second amended complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. **Plaintiff may not file a second amended complaint which merely references allegations or documents included in his original or first amended complaints**.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on April 2, 2018, (ECF No. 12), are VACATED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **April 30, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE